# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLARENCE EDWARD BALDWIN, JR.,<br><br>      Appellant,<br><br>      v.<br><br>SMALL BUSINESS<br>    ADMINISTRATION,<br><br>      Agency. | DOCKET NUMBER<br>DC-0752-16-0464-R-1<br><br><br>DATE: September 16, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clarence Edward Baldwin, Jr.</u>, Temple Hills, Maryland, pro se.

<u>Claudine Landry</u>, Esquire, and <u>Obed Morales</u>, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a request to reopen his involuntary resignation appeal, which was dismissed for lack of jurisdiction. For the reasons set forth below, we DENY the appellant's request to reopen.

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

The appellant previously filed a Board appeal, challenging his alleged involuntary resignation. *Baldwin v. Small Business Administration*, Docket No. DC-0752-16-0464-I-1, Initial Appeal File (IAF), Tab 1. On May 16, 2016, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction, finding that the appellant had failed to make a nonfrivolous allegation that his resignation was involuntary. IAF, Tab 12, Initial Decision at 3-4. In a final Board order dated September 29, 2016, the Board affirmed the initial decision, finding that the appellant was not an employee with Board appeal rights under chapter 75 and agreeing with the administrative judge that he had failed to nonfrivolously allege that his resignation was involuntary. *Baldwin v. Small Business Administration*, MSPB Docket No. DC-0752-16-0464-I-1, Final Order (Sept. 29, 2016). The appellant sought review of the Board's final decision to the U.S. Court of Appeals for the Federal Circuit, which dismissed his petition for review as untimely. *Baldwin v. Small Business Administration*, No. 2017-1300 (Fed. Cir. Feb. 23, 2017).

On December 18, 2019, the appellant filed three submissions with the Board's Washington Regional Office under the docket number associated with his initial appeal of his alleged involuntary resignation. *Baldwin v. Small Business Administration*, MSPB Docket No. DC-0752-16-0464-R-1, Request to Reopen File (RRF), Tabs 1-3. Because the appellant filed these submissions alleging new evidence approximately 3 years after the Board's final decision regarding his involuntary resignation appeal, we treat them as a request to reopen.

The Board has authority to reopen, on its own motion, appeals in which it has rendered a final decision. 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118. The Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances, such as an intervening event or the discovery of a misrepresentation or fraud. *Mitchell v. Department of Commerce*, 100 M.S.P.R. 415, ¶ 9 (2005). Further, the Board will reopen an appeal only if the appellant has exercised due diligence and presented the request to reopen in a timely

manner, generally measured in weeks. *See Keys v. Office of Personnel Management*, 113 M.S.P.R. 173, ¶ 8 (2010).

For the following reasons, we find that the appellant has not exercised due diligence regarding his request to reopen his appeal. He asserts that the agency issued a corrected Standard Form 50 (SF-50) in April 2019, changing his tenure to "permanent." RRF, Tab 1 at 6. However, most of the documents that he submits predate the Board's September 29, 2016 Final Order. RRF, Tab 3 at 8-9, 11-16. He provides no explanation why, if he received the corrected personnel document in April 2019, he waited approximately 8 months to file his submission with the Board. RRF, Tab 1 at 6; *see Keys*, 113 M.S.P.R. 173, ¶ 8.

Further, the appellant does not allege that the agency's original appointment and resignation SF-50s showing a "conditional" tenure were the result of unusual or extraordinary circumstances. RRF, Tab 1 at 6, Tab 3 at 4-6; *see Mitchell*, 100 M.S.P.R. 415, ¶ 9. Instead, he argues the agency should have corrected his "misclassification" sooner. RRF, Tab 3 at 5. He submits a March 2018 email correspondence with an agency Human Resources professional that reflects that his conditional tenure was due to his failure to provide documentation of his prior Federal service during his employment with the agency. RRF, Tab 3 at 17-18.

In any event, even if we were to reopen the appeal to consider the appellant's new evidence, it is not of sufficient weight to warrant an outcome different from that of the Board's final order. *Cf. Parkinson v. U.S. Postal Service*, 58 M.S.P.R. 393, 397 (1993) (observing that while reopening may be appropriate, in the interests of justice, when the evidence is of such weight as to warrant a different outcome, the appellant failed to provide such evidence), *aff'd per curiam*, 31 F.3d 1177 (Fed. Cir. 1994). Regardless of the change in the appellant's tenure code on his SF-50 from "conditional" to "permanent," he was still required to show that he satisfied the definition of a competitive service "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(A).

*See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). An appointee with career tenure may still be considered probationary. 5 C.F.R. §§ 315.201(a), 315.801(a). Because the appellant held an appointment in the competitive service, in order to have chapter 75 appeal rights he must either not have been "serving a probationary or trial period under an initial appointment," or have "completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A).

It is undisputed that the appellant resigned less than 1 year after his appointment. RRF, Tab 2 at 5-7. An appellant who has not served a full year under his appointment can show that he has completed the probationary period, and so is no longer a probationer, by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b). The appellant asserted on review that he had "over 16 years of Government service" with the District of Columbia from 1987 to 1999 and the U.S. Army from 1984 to 1987, 1990 to 1991, and 2000 to 2002. *Baldwin v. Small Business Administration*, MSPB Docket No. DC-0752-16-0464-I-1, Petition for Review File, Tab 5 at 6. Therefore, the service identified by the appellant predated his appointment at issue in the present appeal by 13 years and does not count towards the completion of his probationary period. *See Hurston*, 113 M.S.P.R. 34, ¶ 9. Moreover, the appellant did not allege at any point on appeal or in his request to reopen that he had 1 year of current continuous service at the time of his resignation. *See* 5 U.S.C. § 7511(a)(1)(A). Thus, even considering the evidence submitted with his motion to reopen, the appellant has not shown that he met the definition of an "employee" with chapter 75 Board appeal rights.

Accordingly, we deny the appellant's request to reopen the appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.